IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PATRICIA BAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| DEPUY ORTHOPAEDICS, INC.; BAYSIDE ORTHOPAEDICS, INC.; and JOAQUIN DIAZ, | ) STATE COURT |
| | ) CASE NO.: 12-CA-007266 |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant DePuy Orthopaedics, Inc. ("DePuy"), through undersigned counsel, hereby removes the above-captioned case from the Thirteenth Judicial Circuit of the State of Florida, located in Hillsborough County, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

1.   This action involves allegations regarding a hip prosthesis known as the DePuy ASR™ (referred to as the "ASR hip implant system" in Plaintiff's Complaint). On December 3, 2010, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order establishing MDL No. 2197, *In re: DePuy Orthopaedics Inc., ASR Hip Implant Products Liability Litigation*, before Judge David A. Katz of the United States District Court for the Northern District of Ohio. Since then, the MDL Panel has transferred hundreds of ASR™ Hip Implant cases to MDL 2197. DePuy intends to seek transfer of this action to that proceeding, and will shortly notify the MDL Panel that this is a "tag-along" action, as the

MDL Panel Rules of Procedure require.

2.	On or about May 2, 2012, Plaintiff Patricia Bauer commenced this action against DePuy, Bayside Orthopaedics, Inc. ("Bayside"), and Joaquin Diaz ("Diaz") by filing a complaint in the Thirteenth Judicial Circuit bearing Case No. 12-CA-007266.

3.	As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because (1) Defendants have satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

I.	**DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4.	Plaintiff served defendant Bayside with her Complaint on May 17, 2012, and served DePuy on June 6, 2012. Defendant Diaz has not yet been served. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5.	The Thirteenth Judicial Circuit is located within the Middle District of Florida, Tampa Division. Venue is thus proper under 28 U.S.C. § 89(b) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.	DePuy need not obtain the consent of either Bayside or Diaz because, as set forth more fully below, they are fraudulently joined parties whose only purpose in this action is to defeat removal.[1] *See, e.g., Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1402 (S.D. Fla.

---

[1] Moreover, Diaz need not consent to removal for the additional reason that he has not been served in this case. *See Career Network, Inc. v. Wot Servs., Ltd.*, No. 6:10–cv–1826–Orl–31KRS, 2011 WL 397906, at *1 (M.D. Fla. Feb. 3, 2011) ("[D]efendants that have not yet been served need not join in or consent to removal.") (citing *Pullman Co. v. Jenkins*, 305

2008) ("[T]he consent of fraudulently joined or nominal parties is not required; their lack of consent does not defeat removal.") (citing *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)); *see also English v. Unum Life Ins. Co. of Am., SCIG, LLC*, No. 6:10-cv-00318-JA-GJK, 2010 WL 3269794, at *5 (M.D. Fla. June 21, 2010).

7. As required by 28 U.S.C. § 1446(a), DePuy attaches a copy of all process, pleadings, and orders served upon it, including summonses and petitions, as Exhibit A.[2] As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Thirteenth Judicial Circuit. A true and correct copy of the Notice of Filing Notice of Removal filed in the Thirteenth Judicial Circuit is attached as Exhibit B.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

8. Removal is proper under 28 U.S.C. § 1332 because: (1) the properly named Plaintiff and DePuy are diverse; and (2) Plaintiff's claims place more than $75,000 in controversy, exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists.

9. Plaintiff alleges in her Complaint that she is a citizen of the State of Florida. (*See* Compl. at ¶ 1). Accordingly, Plaintiff is, and was at the time of filing this action, a Florida citizen.

10. DePuy is, and was at the time Plaintiff commenced this action, a corporation

---

U.S. 534, 540 (1939)).

[2] Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

organized under the laws of the State of Indiana with its principal places of business in Warsaw, Indiana. DePuy is therefore a citizen of Indiana for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

11. There is, consequently, complete diversity between Plaintiff and DePuy.

12. Although Bayside and Diaz are alleged to be Florida citizens, (*see* Compl. at ¶¶ 3, 5) their presence does not defeat diversity because they have been fraudulently joined in this action. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."); *Crowe v. Coleman*, 113 F.3d. 1536, 1538 (11th Cir. 1997).

13. Joinder of a resident defendant is fraudulent and removal is proper, assuming all other criteria are satisfied, "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287. In deciding the fraudulent joinder issue, a court must consider the pleadings and supporting affidavits. *See Fowler v. Wyeth*, No. 3:04-CV-83/MCR, 2004 WL 3704897, at *3 (N.D. Fla. May 14, 2004); *Parent v. Wyeth*, No. 2:03-cv-626-FTM-29SPC, 2003 WL 25568554, at *2 (M.D. Fla. Dec. 19, 2003). As set forth below, Bayside and Diaz have been fraudulently joined in this case because there is no possibility that a Florida court would find that Plaintiff's Complaint states a claim against either Bayside or Diaz, the only resident defendants.

  **B.** **The Citizenship of Bayside and Diaz Should be Disregarded Because They Are Fraudulently Joined.**

14. There is no possibility that Bayside and Diaz can be held liable under Florida

law because Plaintiff's Florida-law claims are preempted by federal law. As the Supreme Court of the United States recently confirmed in *PLIVA, Inc. v. Mensing*, 564 U.S. ---, 131 S. Ct. 2567, 2577, *rhn'g denied* 132 S. Ct. 55 (2011), federal law preempts state law where it is "not lawful under federal law . . . to do what state law required." The "question for 'impossibility' is whether the private party could *independently* do under federal law what state law requires of it." *Id.* at 2579 (emphasis added).

15. Here, it would be impossible for Bayside or Diaz, independently, to comply with the state-law obligations that Plaintiff alleges *and* follow federal law. Each of Plaintiff's causes of action—whether sounding in design defect (*see* Compl. at ¶¶ 30-43), manufacturing defect (*see id.* at ¶¶ 44-51), failure to warn (*see id.* at ¶¶ 52-57), negligence (*see id.* at ¶¶ 58-77), or breach of warranty (*see id.* at ¶¶ 78-99)—would impose on Bayside and Diaz state-law obligations that they cannot possibly fulfill without violating federal law, which governs the manufacturing, marketing, and labeling of medical devices like the DePuy ASR™.

16. For example, neither Bayside nor Diaz can comply with a state-law obligation to give more or greater warnings regarding the risks allegedly associated with the DePuy ASR™, which Plaintiff's failure-to-warn and negligence causes of action would require. When Bayside and Diaz promoted the DePuy ASR™, they did so "exclusively using the information provided by DePuy in its package insert and marketing materials." (Declaration of Matthew Brower at ¶ 8, attached as Exhibit C; Declaration of Joaquin Diaz at ¶ 8, attached as Exhibit D). Were either Bayside or Diaz to provide information different from the information provided to them by DePuy, they would step squarely into the cross-hairs of the

FDA's misbranding regulations, which prohibit deviations from the warnings required by the Food, Drug and Cosmetic Act and the FDA's regulations. *See* 21 U.S.C. §§ 331(b); 352(a-c). There is no mechanism by which either Bayside or Diaz could unilaterally change the approved warnings for the DePuy ASR™.

17. Nor can either Bayside or Diaz independently alter the design or manufacturing processes used by DePuy. Neither Bayside nor Diaz had any role in the design or manufacture of the DePuy ASR™. (*See* Brower Declaration at ¶ 4 (Ex. C); Diaz Declaration at ¶ 4 (Ex. D)). There is no mechanism by which either Bayside or Diaz could independently change the design or manufacturing processes for the DePuy ASR™.

18. Moreover, several courts have recently concluded that this same impossibility scenario preempts claims against distributors. *See, e.g., In re Fosamax Prods. Liab. Litig.*, MDL No. 2243, 2012 WL 181411, at *3-4 (D.N.J. Jan. 17, 2012) ("As a distributor of Fosamax, Watson has no power to change Fosamax labeling."); *Whitener v. Pliva, Inc.*, No. 10-1552, 2011 WL 6056546, at *4 (E.D. La. Dec. 6, 2011) (plaintiffs' theory of non-manufacturer seller liability preempted because defendants "were bound by federal law to use the FDA-approved label and could not provide the additional warnings [the plaintiffs] allege should have been given"); *Stevens v. Cmty. Health Care, Inc.*, No. ESCV200702080, 2011 WL 6379298, at *1 (Mass. Super. Ct. Oct. 5, 2011) ("As a distributor, however, DAVA has no ability to change labeling or warnings and thus, like a generic manufacturer, DAVA cannot be subject to liability in connection with a state law claim premised on a 'failure to warn.'"). Each of these cases is premised on the reality that a distributor cannot independently change warnings approved, and thus required, by the FDA.

19. Courts within the United States Court of Appeals for the Eleventh Circuit and even within the Middle District of Florida itself, have recently confirmed that impossibility preemption applies to preempt all of a plaintiff's claims, regardless of how they are styled, where it is impossible for the defendant to comply with both federal and state law. For example, in *Guarino v. Wyeth, Inc.*, 823 F. Supp. 2d 1289 (M.D. Fla. 2011), the court held claims for negligence, strict liability, breach of warranties, misrepresentation and fraud, and negligence per se preempted where the defendant, a generic drug manufacturer, could not legally comply with both its alleged state-law warning obligations and the federal misbranding provision. *See In re Accutane Prods. Liab. (Plevniak)*, MDL No. 1626, 2011 WL 6224546 (M.D. Fla. Nov. 9, 2011); *see also Coney v. Mylan Pharm., Inc.*, No. 6:11-cv-35, 2012 WL 170143 (S.D. Ga. Jan. 19, 2012); *Moore v. Mylan, Inc.*, No. 1:11-CV-03037, 2012 WL 123986 (N.D. Ga. Jan. 5, 2012).

**B.     The Amount-In-Controversy Requirement Is Satisfied.**

20. The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff alleges that her damages are "in excess of $75,000." (Compl. at ¶ 12). *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("when the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy"). Further, the fact that the amount in controversy is more than $75,000.00 is evident from the nature and extent of damages alleged.

**III.    CONCLUSION**

For the reasons stated above, DePuy respectfully removes this action from the

Thirteenth Judicial Circuit of Florida, bearing Case No. 12-CA-007266, to this Court pursuant to 28 U.S.C. § 1441.

                                         Edward W. Gerecke – Trial Counsel
                                         Florida Bar Number 328332
                                         David J. Walz
                                         Florida Bar Number 697237
                                         CARLTON FIELDS, P.A.
                                         Corporate Center Three at International Plaza
                                         4221 W. Boy Scout Blvd., Suite 1000 (33607)
                                         Post Office Box 3239
                                         Tampa, Florida 33601
                                         Telephone: (813) 223-7000
                                         Facsimile: (813) 229-4133
                                         Email: egerecke@carltonfields.com
                                                            dwalz@carltonfields.com
                                         Attorneys for Defendants

## CERTIFICATE OF SERVICE

I CERTIFY that on the 5th day of July, 2012, a copy of this pleading was mailed to Brenda S. Fulmer, 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33402.

                                         Attorney